**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 19-62624-SMS |
| | ) | |
| CHRISTOPHER SHANE MARTIN, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | JUDGE SIGLER |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that Kathleen Steil as Chapter 7 Trustee has filed **TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT WITH CHEMENCE, INC.** (the "Motion") and related papers with the Court seeking an order approving the settlement of the Bankruptcy Estate's claim against the Debtor's former employer in the amount of $43,000.00.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold an initial telephonic hearing for announcements on the Motion at the following number: **toll-free number: 833-568-8864**; **meeting id 161 179 4270**, at **10:15AM** on **September 28, 2022** in **Courtroom 1201**, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

This 31st day of August, 2022.

                                        OGIER, ROTHSCHILD & ROSENFELD, P.C.

                                        By: */s/ Kathleen Steil*
                                            Kathleen Steil
                                            Georgia Bar No. 598895

P.O. Box 1547                        Counsel for Chapter 7 Trustee
Decatur, Georgia 30031          and Trustee
(404) 525-4000
ks@orratl.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 19-62624-SMS |
| | ) | |
| CHRISTOPHER SHANE MARTIN, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | JUDGE SIGLER |

**TRUSTEE'S MOTION FOR APPROVAL OF
COMPROMISE AND SETTLEMENT WITH CHEMENCE, INC.**

Kathleen Steil as Chapter 7 Trustee ("Trustee"), by and through counsel of record, files *Trustee's Motion for Approval of Compromise and Settlement with Chemence, Inc.* (the "Motion") and shows this Honorable Court the following:

**I. BACKGROUND**

1.

On August 12, 2019 (the "Petition Date"), the Debtor Christopher Shane Martin (the "Debtor" and/or "Martin") filed his voluntary petition for relief (the "Bankruptcy Case") under Chapter 7 of the United States Bankruptcy Code (11 U.S.C. §101, *et. seq.*).

2.

The 341 Meeting was held and concluded on September 11, 2019. Kathleen Steil is the duly appointed Chapter 7 Trustee for the Bankruptcy Estate of Christopher Shane Martin (the "Estate" and/or "Bankruptcy Estate").

3.

Pursuant to 11 U.S.C. §541 the Debtor's pre-petition claim arising out the Debtor's prior employment with the Defendant Chemence Inc ("Defendant" and/or "Chemence")

3

for the recovery of alleged unpaid expenses (and attorney's fees) (the "Claim") is property of the Bankruptcy Estate.

4.

The Trustee, through Special Counsel, pursued the State Court Litigation of the Claim styled *Kathleen Steil, in her capacity as Chapter 7 Trustee for the Bankruptcy Estate of Christopher Martin, Case No. 19-62624 vs. Chemence, Inc.*, Civil Action Number 21SC-0265-A in the State Court of Forsyth County, Georgia (the "Litigation"). The Trustee sought, *inter alia*, recovery of at least $35,000.00 in alleged travel expenses plus attorney fees.

5.

The Trustee seeks authority to enter into and execute the *Settlement Agreement and Mutual Release* (the "Settlement Agreement"), which is attached hereto and incorporated herein by reference as **Exhibit A**, and to take any other necessary steps to consummate the compromises set forth in the Settlement Agreement between the Estate and Chemence.

6.

The Trustee proposes to compromise the Estate's claims against Chemence upon the terms and conditions presented in the Settlement Agreement. Pursuant to the Settlement Agreement, and in order to settle the Estate's claims regarding the Claim and corresponding Litigation, Chemence would pay the Trustee the total lump sum amount of ($43,000.00) ("Settlement Amount") within fifteen (15) business days of the Court Order approving this Motion and the Settlement Agreement becoming final.

## II. LEGAL STANDARDS

7.

The standards of approving or disapproving a settlement are the factors set forth in *Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks, II, Ltd.)*, 898 F2d 1544, 1549 (11 Cir. 1990), cert. denied, 498 U.S. 959 (1990).

8.

Justice Oaks requires that the Court consider (1) the probability of success in the litigation;(2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) deference to the reasonable views of creditors.

9.

The Trustee believes that the Settlement Agreement is in the best interests of the creditors.  The Settlement Agreement between the Estate and Chemence results in the resolution of disputed claims in an expeditious and economical manner, without the need for further litigation (including a trial) and the attendant costs and risks.  In view of the defenses asserted, and the uncertainty that generally accompanies all litigation, the Trustee believes that the Settlement Agreement with Chemence should be approved by this Court.

10.

Under the standard set forth above and for the reasons previously detailed herein, the Trustee believes the Court should approve this Motion.

WHEREFORE, Trustee prays that this Honorable Court enter an order:

1. Approving this Motion, including the proposed compromise and settlement as set out above and in the Settlement Agreement attached hereto;

2. Authorizing the Trustee to enter into the Settlement Agreement and all other documents necessary to effectuate the compromise and settlement referenced herein; and

3. Grant such other and further relief as this Court deems just and proper.

OGIER, ROTHSCHILD & ROSENFELD, P.C.

By: /s/ *Kathleen Steil*
Kathleen Steil
Georgia Bar No. 598895
*Counsel for the Trustee and Trustee*

P.O. Box 1547
Decatur, GA 30031
(404) 525-4000
ks@orratl.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing **TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT WITH CHEMENCE, INC. and NOTICE OF HEARING** by depositing in the United States Mail, postage prepaid and addressed to:

Graham Newson, Esq.
Chartwell Law
5051 Peachtree Corners, Cir., Unit 200
Norcross, GA 30092

Matthew Herrington, Esq.
Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC
101 Marietta Street NW, Suite 2650
Atlanta, GA 30303

United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive S.W.
Atlanta, Georgia 30303

Christopher Shane Martin
523 South Bound Court
Acworth, GA 30102

Roger K. Ghai
Law Office of Roger Ghai, P.C.
PO Box 1053
Kennesaw, GA 30156

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701


And all parties listed on the attached Creditor Matrix

Dated: August 31, 2022

By: */s/ Kathleen Steil*
Kathleen Steil
Georgia Bar No. 598895
Counsel for Chapter 7 Trustee and Trustee

P.O. Box 1547
Decatur, Georgia 30031
(404) 525-4000
ks@orratl.com

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

**THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE** (the "Agreement") is made and entered into as of the date the Agreement is fully executed, by and between **Kathleen Steil in her capacity as Chapter 7 Trustee** for the Bankruptcy Estate of Christopher Martin, Case No. 19-62624 SMS (the "Trustee") and Chemence Inc. (the "Defendant").

### WITNESSETH

**WHEREAS**, on or about August 12, 2019, Christopher Martin ("Debtor" and/or "Martin") filed his voluntary petition for Chapter 7 Bankruptcy Relief thereby initiating Case 19-62624 SMS (the "Bankruptcy Case").

**WHEREAS** Kathleen Steil is the duly appointed and acting Chapter 7 Trustee for the Debtor's Chapter 7 Bankruptcy Estate (the "Bankruptcy Estate" and/or the "Estate") in the Bankruptcy Case.

**WHEREAS** Pursuant to 11 U.S.C. §541, the Debtor's pre-petition claim arising out the Debtor's prior employment with the Defendant and recovery of alleged unpaid expenses and attorney's fees (the "Claim") is property of the Bankruptcy Estate. The Trustee, through Special Counsel, pursued the State Court Litigation of the claim styled *Kathleen Steil, in her capacity as Chapter 7 Trustee for the Bankruptcy Estate of Christopher Martin, Case No. 19-62624 vs. Chemence, Inc.*, Civil Action Number 21SC-0265-A in the State Court of Forsyth County, Georgia (the "Litigation"). Pursuant to Bankruptcy Rule 6009 the Trustee is the proper party to litigate and/or settle (subject to Bankruptcy Court approval) the Claim. In the Litigation the Trustee demanded, *inter alia*, payment from the Defendant in the amount of $35,000.00 for alleged unpaid travel expenses; and

**WHEREAS** the Defendant denies liability and asserted defenses to the claims set forth in the Litigation; and

**WHEREAS**, the Trustee and Defendant (the "Parties"), on the terms and conditions contained herein, desire to compromise and settle all of the claims and disputes raised in the Litigation.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree as follows:

1. **Payment**: Defendant shall deliver to the Trustee funds in the amount of forty-three thousand dollars ($43,000.00)(the "Settlement Amount") by check or certified funds to the Trustee within fifteen (15) business days of the Court Order approving the Settlement Agreement becoming final to the following address:

Page 1 of 5                                                          EXHIBIT "A"



*If delivered via United States Mail:*
Kathleen Steil, Trustee
Ogier, Rothschild & Rosenfeld, P.C.
P.O. Box 1547
Decatur, GA 30031

*If delivered via Fed Ex/UPS:*
Kathleen Steil, Trustee
Ogier, Rothschild & Rosenfeld, P.C.
4935 Golden Isle Cove
Cumming, GA 30040


Funds for the payment of the Settlement Amount shall be made payable to Kathleen Steil as Chapter 7 Trustee and reference Bankruptcy Case No. 19-62624 SMS on its face.

2. **Dismissal of Litigation**: Within thirty (30) business days after the date of Court approval of this proposed agreement or within fifteen (15) business days of the Trustee's receipt of the Settlement Amount, whichever is later, or within such other later time as the Parties may agree in writing, the Trustee shall file for entry in the Litigation a Notice of Dismissal with prejudice, executed by counsel for the Trustee and providing for the dismissal with prejudice of the Litigation in its entirety.

3. **Release of Defendant:** Other than claims arising from this Settlement Agreement, the Trustee, for herself as Trustee, and on behalf of the Estate, hereby releases, acquits and forever discharges Defendant, its insurers and reinsurers, from any and all claims, causes of action, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind, character, or nature whatsoever, known or unknown, fixed or contingent, which the Trustee and/or the Estate may have, or claim to have, now against Defendant which arise out of, relate to, or are connected with any of the claims asserted by the Trustee against Defendant in the Litigation

4. **Release of the Trustee and the Debtor's Estate**: Defendant does hereby release, acquit, and forever discharge the Trustee (as trustee) and the Debtor's Chapter 7 Estate, and each and every past and present principal, agent, servant, employee, representative and attorney for the Trustee of the Estate, from any and all claims which it may have, or claim to have now, against the Trustee (as trustee), or the Estate, or which may hereafter arise out of, relate to, or be connected with any act of commission or omission of the Debtor, the Trustee and/or the Estate existing or occurring prior to the date of this Agreement. The release contained in this paragraph shall include the release and waiver of Defendant's right to file a claim for the amount of the Payment pursuant to section 502(h) of the Bankruptcy Code.

Page **2** of **5**

5. **Future Disbursements & Tax Returns:** All funds received by the Trustee shall be disbursed in accordance with the United States Bankruptcy Code and pursuant to Bankruptcy Court Orders. The Bankruptcy Estate shall file any necessary Estate tax returns for this Bankruptcy Case. The Settlement Amount shall be treated as a typical non-taxable business expense reimbursement which Chemence may deduct. As such, Chemence will not issue a 1099 to the Bankruptcy Estate for the Settlement Amount.

5. **Covenants Not to Sue:** Other than claims arising from this Settlement Agreement, the Trustee and Defendant mutually covenant that they will not sue, sue further, or otherwise prosecute in any way any person or entity herein above released with respect to any and every Claim released in this Agreement.

6. **No Prior Transfer:** The Parties hereby mutually represent and warrant that there has been no assignment, sale or other transfer or disposition of any interest in any of the claims hereinbefore released and forever discharged.

7. **Required Court Approval:** Upon the execution and delivery of this Agreement, the Trustee shall promptly move the Bankruptcy Court for the entry of an order (the "Approval Order") in the Bankruptcy Case approving this Agreement and the compromise and settlement provided for herein pursuant to Bankruptcy Rule 9019. The Parties to this Agreement agree to use their best efforts to obtain the entry of the Approval Order. Unless otherwise agreed in writing between the Parties, this Agreement and the obligations of the Parties hereto are in all respects contingent upon the Approval Order becoming a Final Order. For purposes of this Agreement, "Final Order" shall mean an order or judgment of the Bankruptcy Court as entered on its docket that has not been reversed, stayed pursuant to Bankruptcy Rule 8005, or any other applicable rule of civil or appellate procedure, modified or amended, and as to which the time to appeal, petition for certiorari, or seek reargument or rehearing was timely filed, or as to which any right to appeal, petition for certiorari or seek reargument or rehearing has been waived in writing in a manner satisfactory to the Parties, or if a notice of appeal, petition for certiorari, or motion for reargument or rehearing was timely filed, the order or judgment of the Bankruptcy Court has been affirmed by the highest court to which the order or judgment was appealed or from which the reargument or rehearing was sought, or a certiorari has been denied, and the time to file any further appeal or to petition for certiorari or to seek further reargument has expired.

8. **Assignment, Predecessors, Successors and Assigns:** This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their legal representatives, predecessors, successors and assigns.

9. **No Liability:** The Parties to this Agreement each deny liability to the other. Neither the execution and delivery of this Agreement nor the performance of any matters contemplated hereby or provided for herein shall in any way or manner be construed as an admission of any allegation, fact or liability or any act of wrongdoing. Should this Agreement not be approved by the Bankruptcy Court, or should the Approval Order not become a Final Order, then nothing contained herein shall

constitute an admission or be admissible in any subsequent litigation between the Trustee and Defendants.

10. **Construction**: The Parties hereto hereby mutually acknowledge and represent that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties hereto further hereby mutually acknowledge that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against any Party, but rather shall be given a fair and reasonable interpretation, based on the plain language of the Agreement and the expressed intent of the Parties.

11. **Entire Agreement**: This Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein, and this Agreement may not be altered, amended or modified in any respect or particular whatsoever except by a writing duly executed by each of the Parties hereto.

12. **Counterparts**: This Agreement may be executed in several counterparts, each of which shall be an original, so that all of which taken together shall constitute one and the same instrument. Furthermore, this Agreement may be executed and delivered by facsimile or email and the Parties agree that such facsimile or email execution and delivery shall have the same force and effect as delivery of an original document with original signatures, and that each Party may use such email or facsimile signatures as evidence of the execution and delivery of this Agreement by all Parties to the same extent that an original signature could be used.

13. **Severability**: In the event that any part of this Agreement shall be found to be illegal or in violation of public policy, or for any reason unenforceable at law, such finding shall not invalidate any other part hereof.

14. **Choice of Law**: This Agreement shall be interpreted under, and construed in accordance with, the laws of the State of Georgia.

**IN WITNESS WHEREOF** and in agreement herewith, the Parties have executed and delivered this Agreement, as of the date indicated below.

SIGNATURES CONTINUED ON NEXT PAGE
REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

Date: 8/31/22

CHEMENCE, INC.

By: _____
Its: CFO

Date: 8/22/22

By: _____ as Trustee
KATHLEEN STEIL in her capacity as
Chapter 7 Trustee for Bankruptcy Estate
of Christopher Martin, Case No. 19-62624 SMS

```
Label Matrix for local noticing          American Express National Bank         Amex
113E-1                                   c/o Becket and Lee LLP                 P.o. Box 981537
Case 19-62624-sms                        PO Box 3001                            El Paso, TX 79998-1537
Northern District of Georgia             Malvern  PA 19355-0701
Atlanta
Wed Aug 31 14:55:55 EDT 2022

Bank Of America                          Barclays Bank Delaware                 Citi
Po Box 982238                            Po Box 8803                            Po Box 6241
El Paso, TX 79998-2238                   Wilmington, DE 19899-8803              Sioux Falls, SD 57117-6241



Discover Fin Svcs Llc                    Fed Loan Serv                          Roger K. Ghai
Pob 15316                                Pob 60610                              Law Offices Of Roger Ghai, P.C.
Wilmington, DE 19850-5316                Harrisburg, PA 17106-0610              Suite 430
                                                                                1301 Shiloh Road, NW
                                                                                Kennesaw, GA 30144-7152


Matthew W. Herrington                    Internal Revenue Service               (p)JPMORGAN CHASE BANK  N A
DeLong Caldwell Bridgers Fitzpatrick     401 W Peachtree St NW                  BANKRUPTCY MAIL INTAKE TEAM
& Benjamin, L.L.C.                       Atlanta, GA 30308                      700 KANSAS LANE FLOOR 01
101 Marietta Street Ste 2650                                                    MONROE LA 71203-4774
Atlanta, GA 30303-2720


Christopher Shane Martin                 Northside Hospital                     Northside Hospital
523 South Bound Court                    P.O.Box 105346                         P.O.Box 88087
Acworth, GA 30102-1305                   Atlanta, GA 30348-5346                 Chicago, IL 60680-1087



Office of the United States Trustee      Kathleen Steil                         Kathleen Steil
362 Richard Russell Building             Kathleen Steil, Trustee                Ogier, Rothschild & Rosenfeld, P.C.
75 Ted Turner Drive, SW                  Ogier, Rothschild & Rosenfeld, PC      P.O. Box 1547
Atlanta, GA 30303-3315                   P. O. Box 1547                         Decatur, GA 30031-1547
                                         Decatur, GA 30031-1547


Stonebridge Accounting & Forensics, LLC  United States Attorney
P.O. Box 1290                            Northern District of Georgia
Grayson, GA 30017-0025                   75 Ted Turner Drive SW, Suite 600
                                         Atlanta GA 30303-3309



           The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
           by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).



Jpmcb Card                               End of Label Matrix
Po Box 15369                             Mailable recipients    19
Wilmington, DE 19850                     Bypassed recipients     0
                                         Total                  19
```